John R. Keough, III
Peter C. Dee
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for Defendants/Third-Party Plaintiffs
ARCTIC OCEAN SHIPPING, LTD. and
TRIREME VESSEL MANAGEMENT NV
111 Broadway, 4th Floor
New York, New York 10006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                           **ECF**
-------------------------------------------------------------------X
RAMON RIVERA,

                                                                        09 Civ. 4672 (CBA) (JMA)
                                        Plaintiff,

                   -against-                                            **THIRD-PARTY COMPLAINT**

ARCTIC OCEAN SHIPPING LTD. and TRIREME
VESSEL MANAGEMENT NV,

                                        Defendants.
-------------------------------------------------------------------X

ARCTIC OCEAN SHIPPING LTD. and TRIREME
VESSEL MANAGEMENT NV,

                                        Third-Party
                                        Plaintiffs,

                   -against-

GOLTENS-NEW YORK CORP.

                                        Third-Party
                                        Defendant.
-------------------------------------------------------------------X

         Defendants/third-party plaintiffs, ARCTIC OCEAN SHIPPING LTD. ("Arctic

Ocean") and TRIREME VESSEL MANAGEMENT NV ("TVM"), by their attorneys, Waesche,

Sheinbaum & O'Regan, P.C., for their third-party complaint against the third-party defendant, GOLTENS-NEW YORK CORP. ("Goltens"), allege upon information and belief as follows:

1.     Arctic Ocean is an entity duly organized and existing pursuant to the laws of the Bahamas with its principal place of business at Charlotte House, Charlotte Street, Nassau, Bahamas, and at all relevant times was the owner of the vessel M/V ARCTIC OCEAN.

2.     TVM is an entity duly organized and existing pursuant to the laws of Belgium with its principal place of business at Zeevaartstraat 3, B-2000 Antwerp 1, Belgium, and at all relevant times was the technical manager of the vessel M/V ARCTIC OCEAN.

3.     Goltens is a maritime service company duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 160 Van Brunt Street, Brooklyn, New York 11231.

4.     On September 10, 2009, plaintiff Ramon Rivera commenced the instant action by filing a complaint against Arctic Ocean and TVM in the Supreme Court of the State of New York, Kings County. A copy of the complaint is annexed hereto as Exhibit 1.

5.     In the complaint, plaintiff Ramon Rivera essentially alleges that he was injured on or about April 27, 2009, onboard the M/V ARCTIC OCEAN.

6.     By Notice of Removal dated October 28, 2009, Arctic Ocean and TVM properly removed the action to the United States District Court for the Eastern District of New York.

7.     Arctic Ocean and TVM filed an answer to the complaint with affirmative defenses on November 4, 2009. A copy of the Answer is annexed hereto as Exhibit 2.

8.     During April 2009, Goltens and its employees, including plaintiff Ramon Rivera, performed engine repairs on the M/V ARCTIC OCEAN while the vessel was at the Port of New York and at sea.

9.     At all relevant times, Arctic Ocean and TVM used due diligence to make the M/V ARCTIC OCEAN seaworthy.

10.     The alleged injury to plaintiff Ramon Rivera and the alleged losses and damages resulting therefrom were not caused or contributed to by any fault, negligence or want of care on the part of Arctic Ocean and/or TVM and were occasioned and incurred without the privity or knowledge of Arctic Ocean and TVM.

11.     This is an Admiralty or Maritime claim within the Admiralty and Maritime jurisdiction of this Honorable Court and/or within the supplemental jurisdiction of this Honorable Court under 28 U.S.C. § 1367.

## FOR A FIRST CAUSE OF ACTION

12.     Third-party plaintiffs, Arctic Ocean and TVM, repeat and reallege each and every allegation contained in paragraphs 1 through 11 as though fully set forth herein at length.

13.     The alleged accident hereinbefore mentioned, together with any alleged damages resulting therefrom, was caused and/or contributed to by the fault, neglect and want of care on the part of third-party defendant Goltens, its agents, servants and employees, in carrying out the repairs to the M/V ARCTIC OCEAN and in performing the work on the M/V ARCTIC OCEAN in a negligent, careless and improper manner.

## FOR A SECOND CAUSE OF ACTION

14.     Third-party plaintiffs, Arctic Ocean and TVM, repeat and reallege each and every allegation contained in paragraphs 1 through 11 as though fully set forth herein at length.

15.     The alleged accident hereinbefore mentioned, together with any alleged damages resulting therefrom, was caused by third-party defendant Goltens' breach of warranty of workmanlike service and/or performance implied in a marine service contract to repair and perform work on the M/V ARCTIC OCEAN.

16.     Any claims in this action for loss or damage as a result of the matters alleged in the complaint filed by plaintiff Ramon Rivera were caused by the fault, neglect or want of care and/or breach of warranty of workmanlike service and/or performance on the part of third-party defendant Goltens and not by any fault, neglect or want of care or breach of any legal obligation, including breach of any duty to provide a seaworthy vessel, on the part of the third-party plaintiffs Arctic Ocean and/or TVM.

17.     By reason of the foregoing, third-party defendant Goltens is a necessary and material party to this action and liability herein should be borne by said third-party defendant and not by third-party plaintiffs Arctic Ocean and TVM, and said third-party defendant should be proceeded against herein so that the Court may in one proceeding adjudicate the rights and liabilities of the respective parties.

18.     Third-party plaintiffs Arctic Ocean and TVM are entitled to indemnity and/or contribution from third-party defendant Goltens for any and all amounts which third-party plaintiffs, or either of them, may be compelled to pay to plaintiff Ramon Rivera, as well as the

costs, disbursements and attorneys' fees incurred in the defense of such claims whether in this proceeding or in any other proceeding.

19.     By reason of the premises, if plaintiff Ramon Rivera recovers a judgment against third-party plaintiff Arctic Ocean and/or third-party plaintiff TVM, then the third-party defendant Goltens will be liable to the third-party plaintiff Arctic Ocean and/or third-party plaintiff TVM for the amount of damages that they may be required to pay plaintiff Ramon Rivera, together with the amount of any expenses reasonably incurred in the defense of such claims.

WHEREFORE, third-party plaintiffs Arctic Ocean and TVM demand judgment against third-party defendant Goltens for any damages that may ultimately be ascertained; demand judgment against third-party defendant Goltens for indemnification and/or contribution for any and all sums which may be adjudged against Arctic Ocean and TVM, or either of them; and pray that this Court may grant such other and further relief as it deems just in the premises.

Dated: New York, New York
       November 18, 2009

WAESCHE, SHEINBAUM & O'REGAN, P.C.
Attorneys for Defendants/
Third-Party Plaintiffs
ARCTIC OCEAN SHIPPING LTD. and
TRIREME VESSEL MANAGEMENT NV

By:     /s/ John R. Keough, III
        John R. Keough, III
        Peter C. Dee
        111 Broadway, 4th Floor
        New York, New York 10006
        (212) 227-3550
        j.keough@waeschelaw.com

5

**TO:**   Andrew V. Buchsbaum
          **FRIEDMAN, JAMES & BUCHSBAUM LLP**
          Attorneys for Plaintiff
          132 Nassau Street, Suite 900
          New York, New York  10038
          (212) 233-9385

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via ECF upon above named counsel for plaintiff on this the 18th day of November 2009.

/s/ John R. Keough, III
John R. Keough, III

6

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------x
RAMON RIVERA,

                      Plaintiff,

     -against-

ARCTIC OCEAN SHIPPING LTD. and
TRIREME VESSEL MANAGEMENT NV,

                   Defendants.
-------------------------------------------------------x

Index No: 23032/09
[date purchased  9/10/09 ]


**COMPLAINT**

Plaintiff, RAMON RIVERA, by his attorneys, FRIEDMAN, JAMES &
BUCHSBAUM LLP, for his complaint, respectfully alleges upon information and belief as follows:

1.      This action is brought pursuant to the Jones Act, 46 U.S.C. §§ 30104 *et seq.*
(formerly codified at 46 U.S.C. § 688), the general maritime law of the United States, and the
provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), as
authorized by the saving to suitors clause of The Judiciary Act of 1789, as amended, codified at 28
U.S.C. § 1331(1).

2.      At all relevant times, plaintiff RAMON RIVERA was and still is a citizen of
the State of New York, County of Kings.

3.      At all relevant times, defendant ARCTIC OCEAN SHIPPING LTD. was and
still is an entity organized and existing pursuant to the laws of a foreign country with an office and
place of business located in Belgium conducting business within the State of New York and/or its
navigable waters.

4.      At all relevant times, defendant TRIREME VESSEL MANAGEMENT NV
was and still is an entity organized and existing pursuant to the laws of a foreign country with an

office and principal place of business located in Belgium conducting business within the State of New York and/or its navigable waters.

## AS AND FOR A FIRST CAUSE OF ACTION

5.     At all times and dates hereinafter mentioned, defendants, or either of them, owned the vessel M/V "Arctic Ocean" its equipment and appurtenances.

6.     At all times and dates hereinafter mentioned, defendants, or either of them, operated the vessel M/V "Arctic Ocean," its equipment and appurtenances.

7.     At all times and dates hereinafter mentioned, defendants, or either of them, managed the vessel M/V "Arctic Ocean," its equipment and appurtenances.

8.     At all times and dates hereinafter mentioned, defendants, or either of them, controlled the vessel M/V "Arctic Ocean," its equipment and appurtenances.

9.     That at all times and dates hereinafter mentioned, the plaintiff was a seaman and member of the crew of the M/V "Arctic Ocean" and an employee and/or borrowed servant of defendants, or either of them, and as such, entitled to the benefits under the laws of the United States of America, including but not limited to those known as the Jones Act, 46 U.S.C. § 688 and/or The General Maritime Law of the United States.

10.     That on or about April 27, 2009, without any fault on the part of the plaintiff, and wholly and solely by reason of the negligence, recklessness and carelessness of defendants, or either of them, and its/their agents, servants and/or employees, and by reason of the unseaworthiness of the M/V "Arctic Ocean," its equipment and appurtenances, the plaintiff was caused to sustain severe injuries.

2

11.     As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

12.     That one or more of the exceptions of Section 1602 of the New York Civil Practice Law and Rules applies to the within action.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>

13.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 inclusive as if set forth fully at length herein.

14.     On or about April 27, 2009, while lawfully on board the vessel M/V "Arctic Ocean," plaintiff RAMON RIVERA was caused to be seriously injured as a result of the unseaworthiness of the M/V "Arctic Ocean," its equipment and/or appurtenances, in breach of the duty established in <u>Seas Shipping Co. v. Sieracki</u>, 328 U.S. 85 (1946) and its progeny.

15.     As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

3

16.     That one or more of the exceptions of Section 1602 of the New York Civil Practice Law and Rules applies to the within action.

## AS AND FOR A THIRD CAUSE OF ACTION

17.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 inclusive as if set forth fully at length herein.

18.     On or about April 27, 2009, while lawfully on board the vessel M/V "Arctic Ocean," plaintiff RAMON RIVERA was caused to be seriously injured as a result of the negligence and lack of reasonable care of the defendants, or either of them, in breach of the duty established in Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625 (1958) and its progeny.

19.     As a result of the foregoing, the plaintiff RAMON RIVERA was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

20.     That one or more of the exceptions of Section 1602 of the New York Civil Practice Law and Rules applies to the within action.

## AS AND FOR A FOURTH CAUSE OF ACTION

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 inclusive as if set forth fully at length herein.

22.     At all times material hereto, plaintiff was engaged in performing maritime repair within the purview of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. §

4

901 *et seq.*

23.     On or about April 27, 2009, plaintiff was caused to sustain severe and permanent personal injuries.

24.     Said injuries were caused by the negligence of the defendants, or either of them, in its ownership, possession, management, operation and control of its vessel(s), equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. § 905(b) and its implementing regulations.

25.     That one or more of the exceptions of Section 1602 of the New York Civil Practice Law and Rules applies to the within action.

**WHEREFORE,** Plaintiff demands judgment in an amount to be determined at trial but which amount exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; together with interest and the costs and disbursements of this action.

Dated:        New York, New York
              September 10, 2009

Yours, etc.,

FRIEDMAN, JAMES & BUCHSBAUM LLP
Attorneys for Plaintiff

By

Andrew V. Buchsbaum
132 Nassau Street, Suite 900
New York, NY 10038
(212) 233-9385

5

# EXHIBIT 2

John R. Keough, III
Peter C. Dee
**WAESCHE, SHEINBAUM & O'REGAN, P.C.**
Attorneys for Defendants
ARCTIC OCEAN SHIPPING, LTD. and
TRIREME VESSEL MANAGEMENT
111 Broadway, 4th Floor
New York, New York 10006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    **ECF**
----------------------------------------------------------------X
RAMON RIVERA,

                                                                09 Civ. 4672 (CBA) (JMA)
                                  Plaintiff,

                 -against-                                       <u>**ANSWER**</u>

ARCTIC OCEAN SHIPPING LTD. and TRIREME
VESSEL MANAGEMENT NV,

                                  Defendants.
----------------------------------------------------------------X

   Defendants, ARCTIC OCEAN SHIPPING LTD. ("Arctic Ocean") and

TRIREME VESSEL MANAGEMENT NV ("TVM"), by and through their attorneys, Waesche,

Sheinbaum & O'Regan, P.C., answering the Complaint of plaintiff, state upon information and

belief as follows:

   1. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 1 of the Complaint.

   2. Deny knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 2 of the Complaint. Such allegations are assumed true solely for

purposes of diversity jurisdiction.

3.      Deny each and every allegation in paragraph 3 of the Complaint, except admit that defendant Arctic Ocean is an entity organized and existing pursuant to the laws of a foreign country.

4.      Deny each and every allegation in paragraph 4 of the Complaint, except admit that TVM is an entity organized and existing pursuant to the laws of a foreign country with an office and principal place of business located in Belgium.

5.      Deny each and every allegation in paragraph 5 of the Complaint, except admit that on April 27, 2009, defendant Arctic Ocean owned the vessel M/V ARCTIC OCEAN.

6.      Deny each and every allegation in paragraph 6 of the Complaint, except admit that on April 27, 2009, defendant Arctic Ocean, as owner, and defendant TVM, as the technical manager, operated the vessel M/V ARCTIC OCEAN.

7.      Deny each and every allegation in paragraph 7 of the Complaint, except admit that on April 27, 2009, defendant TVM acted as technical manager of the vessel M/V ARCTIC OCEAN.

8.      Deny each and every allegation in paragraph 8 of the Complaint, except admit that on April 27, 2009, defendant Arctic Ocean, as owner, and defendant TVM, as the technical manager, controlled the vessel M/V ARCTIC OCEAN.

9.      Deny each and every allegation in paragraph 9 of the Complaint.

10.     Deny each and every allegation in paragraph 10 of the Complaint.

11.     Deny each and every allegation in paragraph 11 of the Complaint.

12.     Deny each and every allegation in paragraph 12 of the Complaint.

2

**ANSWERING PLAINTIFF'S SECOND CLAIM**

13.     Repeat and reallege each and every admission, denial, and denial of knowledge or information in paragraphs 1 through 8 above with the same force and effect as if herein set forth at length.

14.     Deny each and every allegation in paragraph 14 of the Complaint, except admit that plaintiff was lawfully on board the M/V ARCTIC OCEAN on April 27, 2009.

15.     Deny each and every allegation in paragraph 15 of the Complaint.

16.     Deny each and every allegation in paragraph 16 of the Complaint.

**ANSWERING PLAINTIFF'S THIRD CLAIM**

17.     Repeat and reallege each and every admission, denial, and denial of knowledge or information in paragraphs 1 through 8 above with the same force and effect as if herein set forth at length.

18.     Deny each and every allegation in paragraph 18 of the Complaint, except admit that plaintiff was lawfully on board the M/V ARCTIC OCEAN on April 27, 2009.

19.     Deny each and every allegation in paragraph 19 of the Complaint.

20.     Deny each and every allegation in paragraph 20 of the Complaint.

**ANSWERING PLAINTIFF'S FOURTH CLAIM**

21.     Repeat and reallege each and every admission, denial, and denial of knowledge or information in paragraphs 1 through 8 above with the same force and effect as if herein set forth at length.

22.     Deny each and every allegation in paragraph 22 of the Complaint.

3

23. Deny each and every allegation in paragraph 23 of the Complaint.

24. Deny each and every allegation in paragraph 24 of the Complaint.

25. Deny each and every allegation in paragraph 25 of the Complaint.

## FURTHER ANSWERING THE COMPLAINT, AND AS AND FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANTS ALLEGE UPON INFORMATION AND BELIEF AS FOLLOWS:

26. Repeat and reallege each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 25 herein with the same force and effect as if repeated at length.

### FIRST AFFIRMATIVE DEFENSE

27. The Court lacks personal jurisdiction over defendants.

### SECOND AFFIRMATIVE DEFENSE

28. Service of process upon defendants was insufficient and improper.

### THIRD AFFIRMATIVE DEFENSE

29. Venue in this Court is improper.

### FOURTH AFFIRMATIVE DEFENSE

30. If plaintiff suffered any loss as alleged by him, such loss was caused and/or brought about in whole or in part by his own negligence and/or breach of duty and/or by the negligence and/or breach of duty of others, including his co-employees, for whose negligence and/or breach of duty defendants are not liable.

### FIFTH AFFIRMATIVE DEFENSE

31. United States law does not apply in this action.

4

## SIXTH AFFIRMATIVE DEFENSE

32.     Plaintiff's cause of action is time barred by the applicable period of limitation, or is barred by the maritime doctrine of laches and defendants have been prejudiced thereby.

## SEVENTH AFFIRMATIVE DEFENSE

33.     Plaintiff has failed to join all necessary and indispensable parties.

## EIGHTH AFFIRMATIVE DEFENSE

34.     Plaintiff has failed to mitigate his alleged damages and any recovery by Plaintiff should be reduced by an appropriate amount.

## NINTH AFFIRMATIVE DEFENSE

35.     The incident alleged in the complaint and any injuries, damages or expenses which may have arisen therefrom were occasioned without the privity or knowledge of defendants; the damages alleged in the complaint exceeds the amount or value of defendants' interest in the M/V ARCTIC OCEAN and her freight then pending; defendants claim the benefit of limitation of liability provided in Sections 4283-4289 of the Revised Statutes of the United States (46 U.S.C. §§ 183-188) and the acts amendatory thereof and supplemental thereto.

## TENTH AFFIRMATIVE DEFENSE

36.     If it be determined that plaintiff was injured during the course of employment as defined in any state or federal workers' compensation act or any other statutory compensation scheme, plaintiff is relegated to his rights and remedies under such statute and is not entitled to maintain this action.

## ELEVENTH AFFIRMATIVE DEFENSE

37.     To the extent plaintiff seeks consequential damages, such damages are not recoverable herein.

## TWELFTH AFFIRMATIVE DEFENSE

38.     If the injuries or damages alleged by the plaintiff in the complaint were caused or contributed to, in whole or in part, by any fault, neglect, assumption of risk or want of care, on the part of plaintiff himself, then, and in such event, any recovery and/or right of recovery herein by plaintiff, which recovery and/or right of recovery are/is specifically denied, shall be mitigated or lessened in such proportion as any fault on the part of plaintiff may have contributed to the totality of the causation of his alleged injures and damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.     The rights and obligations of the parties are governed by the valid terms and conditions of one or more contracts, including but not limited to all limitations and/or exclusions of liability therein.

## FOURTEENTH AFFIRMATIVE DEFENSE

40.     This District constitutes an inconvenient forum, and the action should be transferred to another district or dismissed under the doctrine of *forum non conveniens*.

## FIFTEENTH AFFIRMATIVE DEFENSE

41.     The complaint fails to state a claim upon which relief can be granted.

## SIXTEENTH AFFIRMATIVE DEFENSE

42.     The laws of a foreign country, including but not limited to Belgium, Bahamas and/or Panama, apply in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

43.    Defendant TVM at all relevant times acted as an agent for a disclosed principal, and therefore has no liability as a matter of law.

**WHEREFORE**, the answering defendants demand judgment dismissing the complaint, granting defendants their costs and disbursements of this action, and granting such other and further relief as the Court deems just in the premises.

Dated: New York, New York
      November 4, 2007

                               **WAESCHE, SHEINBAUM & O'REGAN, P.C.**
                               Attorneys for Defendants
                               ARCTIC OCEAN SHIPPING LTD. and
                               TRIREME VESSEL MANAGEMENT NV

                               By:    /s/ John R. Keough, III
                                      John R. Keough, III
                                      Peter C. Dee
                                      111 Broadway, 4th Floor
                                      New York, New York 10006
                                      (212) 227-3550
                                      j.keough@waeschelaw.com

**TO:**    Andrew V. Buchsbaum
          **FRIEDMAN, JAMES & BUCHSBAUM LLP**
          Attorneys for Plaintiff
          132 Nassau Street, Suite 900
          New York, New York 10038
          (212) 233-9385

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served via ECF upon above named counsel for plaintiff on this the 4th day of November 2009.

/s/ John R. Keough, III
John R. Keough, III